Dear Ms. Gravel:
The question presented for determination as stated in your letter dated April 7, 1992, is "whether Act 20 of the Extraordinary Session of 1986 eliminated the exclusion from tax for bona fide interstate commerce as provided in LSA R.S.47:305(E)". For the following reasons, it is the conclusion of this office that the provisions of Act 20 of the Extraordinary Session of 1986 did not eliminate the exclusion from taxation of bona fide interstate commerce.
At the time of promulgation of Act 20, LSA R.S. 47:305(E) provided, in part:
 "It is not the intention of the Chapter. . . . to levy a tax on bona fide interstate commerce. . . ." (Emphasis added).
Act 20 of the Extraordinary Session of 1986 provided:
 To amend and reenact R.S. 47:332(B) and to repeal R.S. 47:332(C) and (D), relative to the sales and use tax levied by the state, to provide that certain exemptions shall not apply to a portion of the state sales and use tax, for the period January 1, 1987 through June 30, 1988 and to provide for related matters.
Be it enacted by the Legislature of Louisiana:
 Section 1. R.S. 47:332(B) is hereby amended and reenacted to read as follows:
332. Collection of the tax
* * *
 B. Notwithstanding any other provision of law to the contrary, including but not limited to any contrary provisions of this Section, for the period January 1, 1987 through June 30, 1988, the tax exemptions provided in Chapter 2 of Subtitle II of Title 47 of the Louisiana Revised Statutes of 1950 shall be inapplicable, inoperable and of no effect on the tax imposed and levied pursuant to the provisions of R.S. 45:331.
 Section 2. R.S. 47:332(C) and (D) are hereby repealed in their entirety.
 Section 3. Notwithstanding any provision of law to the contrary, including but not limited to any provisions of Chapter 17 of Subtitle III of Title 39 or Chapter 1 of Title 43 of the Louisiana Revised Statutes of 1950, the Department of Revenue and Taxation, with the approval of the governor, may do all things necessary in order to provide for the timely implementation of Section 1 of this Act, including but not limited to the promulgation of rules and regulations pursuant to the Administrative Procedure Act (R.S. 49:950 et seq.), the procurement of printing and other services and expenditures of funds.
 Section 4. The provisions of Sections 1 and 2 of this Act shall become effective on January 1, 1987; all other provisions of this Act shall become effective upon signature by the governor or, if not signed by the governor, upon signature of the governor, as provided in Article III, Section 18 of the Constitution of Louisiana. It is the intention of the legislature that the tax exemptions made inapplicable, inoperative and of no effect for the period January 1, 1987 through June 30, 1988 by virtue of Section 1 of this Act shall resume, commence, and become effective on July 1, 1988.
 Approved by the Governor, December 24, 1987. (Emphasis added).
First, bona fide interstate commerce is "excluded" rather than "exempted" from taxation under LSA R.S. 47:305(E). "Exemptions from the sales tax are those expressly and specifically provided in the sales tax acts, and they are distinct from exclusions or exceptions from the taxing provisions which arise from the definitions of matters covered by the statute." 68 Am.Jur.2d., Sales and Use Tax, section 100, p. 146; (Emphasis added). The Act specifically refers to "exemptions" and for this reason it could be argued that the suspension of taxation did not operate against an exclusion such as bona fide interstate commerce.
Second, the prohibition against taxation of bona fide interstate commerce is an exclusion which arises from a constitutional restriction. The prohibition against taxation of bona fide interstate commerce activities is mandated pursuant to the provisions of the Commerce Clause of the Constitution, Art. I, Section 8, cl. 3. The Commerce Clause provides that Congress shall have the power:
 "to regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." (Emphasis added).
The Commerce Clause prevents States from discriminating against interstate commerce. Even if the Act was construed to eliminate the exclusion from taxation for bona fide interstate commerce, any imposed taxation would still be subject to the restrictions of the Commerce Clause. See D. H. Holmes Co., Ltd. vs. McNamara, 486 U.S. 24, 108 S.Ct. 1619, 100 L.Ed.2d 21 (1988) for a discussion of Commerce Clause analysis as applied to Louisiana law.
Finally, there is a recent article in the Louisiana Bar Journal which addresses the controversy over apportioned tax regulations imposed by the Louisiana Department of Revenue and Taxation. Although the article does not address the issue presented for our review, the author does provide a thorough examination of LSA R.S. 47:305(E) and the validity of a tax affecting interstate commerce under Commerce Clause analysis.
The author concludes:
 "LSA-R.S. 47:305E expressly prohibits taxation of bona fide interstate commerce. It [Louisiana] adopts the . . . "coming to rest" or "taxable moment" test for determining whether an item is a taxable part of the mass of property in Louisiana, or is in interstate commerce and not taxable. . . . Until property leaves the stream of interstate commerce, its sale, use, or lease is not taxable under existing Louisiana law". Circumnavigating Louisiana's Interstate Commerce Exclusion By Apportioning Taxes Upon Instrumentalities of Interstate Commerce, 38 La. Bar. J. 25 (1990).
In summary, it is the opinion of this office that Act 20 of the Extraordinary Session of 1986 did not eliminate the prohibition against taxation of interstate commerce. However, should such a construction be given to the wording of the Act, the validity of any taxation imposed is determined by the application of Commerce Clause analysis.
Should you have any further questions regarding this matter, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ams 0064E